IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL J. EBERHARDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-315-A |
| | § | |
| EMC MORTGAGE CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motions of defendants, EMC Mortgage Corporation ("EMC") and Litton Loan Servicing, L.P. ("Litton"), to dismiss. Having considered the motions, the response of plaintiff, Paul Eberhardt, to EMC's motion,[1] and applicable authorities, the court concludes the motions should be granted.

I.

Plaintiff's Complaint

Plaintiff's complaint is a twenty-five-page document that consists primarily of citations to various authorities. The few factual allegations in his complaint, as well as his requests for relief, relate the foreclosure of a property in Arlington, Texas.

---

[1] Plaintiff did not file a response to Litton's motion.

II.

## Grounds of the Motion

EMC and Litton both move to dismiss for: (1) lack of subject matter jurisdiction; (2) failure to state a claim upon which relief may be granted; (3) failure to plead a short, plain, and simple statement of plaintiff's claims. Litton also moves to dismiss for defective service of process. In the alternative, defendants request that the court require plaintiff to replead.

III.

## Applicable Legal Standards

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). The district courts of the United States are courts of limited jurisdiction; they possess only the power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A cause is presumed to lie outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction, in this case the plaintiff. Id. Therefore, plaintiff constantly bears the burden of proof that jurisdiction does in fact exist at all stages of the litigation. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). When a motion under Rule 12(b)(1) is filed with other Rule 12(b) motions, a court should first consider the jurisdictional attack

before considering an attack on the merits.  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).

IV.

Analysis

In this case, plaintiff alleges that this court has jurisdiction "pursuant to Title 18 § 1333 and § 1441."  Compl. at 1.  The court assumes that plaintiff intends to cite to 28 U.S.C. §§ 1333 and 1441.  But plaintiff has not alleged any facts that would give rise to this court's exercise of jurisdiction under any section of Title 28.  Although plaintiff purports to bring claims under the "National Bank or Currency Act of June 3, 1864 at 13 Stat. 99, Chp. 106, sections 8, 27, 28, 35, 37, & 39"[2] and "Title 62 Section 5187, 5201, [and] 5207, of the revised statutes of the United States," <u>e.g.</u>, Compl. at 2, he has failed to allege facts that would support jurisdiction under the current versions of such statutes.  <u>See</u> 18 U.S.C. § 334 (2000); 12 U.S.C. §§ 83 & 582 (2000).  Accordingly, the court concludes that plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

Because the court's ruling as to subject matter jurisdiction disposes plaintiff's claims, the court need not discuss the remaining grounds in defendants' motions.  Nothing the court says in this memorandum opinion and order is to be taken as any

---

[2] Plaintiff apparently refers to the Act entitled "An Act to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof," which has since been renamed "The National Bank Act."  <u>See</u> 12 U.S.C. § 38.

3

indication of how the court would have ruled on defendants' other contentions.

## V.

## ORDER

The court ORDERS that whatever claims and causes of action are asserted by plaintiff in the above-captioned action be, and are hereby, dismissed for lack of subject matter jurisdiction.

SIGNED July 19, 2005.

/s/
JOHN McBRYDE
United States District Judge

4